Renee M. Parker (WSBA No. 36995)
THE MORTGAGE LAW FIRM, PLLC
1330 N Washington Street, Suite 3575
Spokane, Washington 99201
Telephone: (509) 866-5375
Facsimile: (509) 202-4380
Renee.Parker@mtglawfirm.com
TMLF File No. 175260

Attorneys for Secured Creditor,
Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2022-1 Participation Interest Trust

Judge: Hon. Christohper M Alston
Chapter 13
Hearing Date: June 20, 2024
Hearing Time: 9:30 AM
Location: Judge Alston's Courtroom, U.S. Courthouse, Room 7206
Response Date: June 13, 2024

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| In re:<br><br>MICHAEL THOMAS,<br><br>Debtor. | Case No.: 24-10876-CMA<br><br>Chapter: 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN** |

Secured Creditor, FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR FREDDIE MAC SLST 2022-1 PARTICIPATION INTEREST TRUST ("Creditor"), hereby objects to confirmation of the Chapter 13 plan filed by MICHAEL THOMAS ("Debtor") In support of its objection, Creditor alleges as follows:

I. STATEMENT OF FACTS

1. On April 11, 2024, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code as Case No. 24-10876-CMA.

2. On the date of filing Debtor owed approximately $80,288.97 in pre-petition arrears, a total claim of approximately $707,638.04, and the post-petition installment payment is $2,849.66.

Secured Creditor is currently in-process of preparing its Proof of Claim which will be filed by the Bar Date of June 20, 2024. The filed Proof of Claim shall control the amounts stated herein.

3. On or about June 11, 2008, Debtor and non-debtor co-borrower Velma Thomas ("Borrowers" collectively) made, executed, and delivered to Choice Lending, Inc. ("Note") in the principal sum of $398,000.00; the Note matures on July 1, 2038, which is not within the Plan term. Creditor is in possession of the Note and is entitled to enforce the instrument. A true and correct copy of the Note is available upon request of counsel for Secured Creditor in advance of the proof of claim being filed.

4. On or about June 11, 2008, the Borrowers made, executed, and delivered to Choice Lending Inc., a Deed of Trust ("Deed of Trust") providing a security interest the real property commonly known as and located at 27546 254th Way SE, Maple Valley, WA 98038-2045 (the "Property") which is more fully described in the Deed of Trust. The Deed of Trust was recorded on June 16, 2008, in the Office of King County Auditor as Instrument No. 20080616001643. A true and correct copy of the Deed of Trust is available upon request of counsel for Secured Creditor in advance of the proof of claim being filed.

5. The beneficial interest in the Note and Deed of Trust was sold, assigned, and transferred to Secured Creditor and Secured Creditor is entitled to enforce the Note.

6. The Property is Debtor's primary residence (Dkt. 1, Petition at Part 1, Item 5).

7. On April 25, 2024, Debtor filed Schedule A, which states the Property has a value of $1,075,000.00 (Dkt. 12).

8. On April 25, 2024, the Debtor filed a Chapter 13 Plan as Docket No. 14 ("Plan").

9. The Plan provides for conduit post-petition installment payments to Secured Creditor, but fails to provide for Secured Creditor's pre-petition arrears unless and until the Property is sold.

10. The Plan further states that Debtor will sell the Property, but fails to state a deadline for the sale to be completed or a remedy for Secured Creditor if the Property is not sold, and escrow closed, by that date (Dkt. 14, § X).

11. Counsel for Debtor and Secured Creditor have met and conferred, and are actively working towards resolution of Secured Creditor's objections. At this time the parties are discussing potentially entering into a stipulated agreement providing a definite date in which escrow for sale of the Property shall close and a remedy for Secured Creditor if escrow does not close by that date, or for Debtor to file an amended plan. Secured Creditor is only filing this objection because the parties have not yet reached resolution and Secured Creditor must protect its interests.

## II. ARGUMENTS

The Plan is not adequately funded and fails to satisfy the full value requirement under 11 U.S.C. §1325(a)(5)(B)(ii), which requires full payment of Creditor's pre-petition arrears unless and until a sale of the Property occurs.

Debtor fails to provide adequate protection to the security interest of Creditor. "A review of the legislative history leads us to conclude that a debtor, in structuring a proposal of adequate protection for a secured creditor, 'should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights.' American Mariner, 734 F.2d 426 at 435 (9th Cir. 1984). … whether adequate protection exists in a given case depends upon the nature of the collateral and the nature of the debtor's proposed use of that collateral." *In re Bear River Orchards*, 56 B.R. 976, 979 (Bankr. E.D. Cal. 1986). "In order to encourage reorganization, the courts must be flexible in applying the adequate protection standard. This flexibility, however, must not operate to the detriment of the secured creditor's interest." *Id*. at 978.

Specifically, Debtor requires sale of the Property to fund the Plan without payment of pre-petition arrears to Secured Creditor until that sale occurs, which is a speculative provision. *In re Gavia*, 24 B.R. 573 (9th Cir. BAP, 1982) states that unless an event, under which a debtor seeks to make a plan feasible, is likely to occur in the near future the event is too speculative to allow confirmation of a plan. Since the Plan does not specify when the sale would occur or what relief would be afforded to Secured Creditor should escrow fail to close by that date, the Plan is speculative and cannot be confirmed.

Creditor reserves the right to raise further objections at the time of the confirmation hearing.

## III. CONCLUSION

"With respect to secured creditors, § 1325(a)(5) requires generally that a chapter 13 plan must provide one of three alternative treatments: (1) treatment to which the secured creditor consents; (2) retention of collateral by the debtor with a stream of payments to the secured creditor; or (3) surrender of the collateral to the secured creditor." *In re Trejos*, 374 B.R. 210, 214 (B.A.P. 9th Cir. 2007); *see also*, *In re Bea*, 533 B.R. 283, 285–86 (B.A.P. 9th Cir. 2015). Creditor does not consent to the treatment of its lien in the Plan.

Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the Plan only if Debtor eliminates the objections specified above and provide adequate protection to Creditor. It is respectfully requested that confirmation of the Plan as proposed by Debtor, be denied.

WHEREFORE, Creditor prays as follows:

1. That confirmation of the Debtor's proposed Plan be denied.
2. For attorneys' fees and costs incurred herein. And,
3. For such other relief as this Court deems proper

Respectfully submitted,

DATED: June 12, 2024          THE MORTGAGE LAW FIRM, PLC

BY: /S/ RENEE M. PARKER_____
RENEE M. PARKER, ESQ., SBN 36995
ATTORNEYS FOR SECURED CREDITOR,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, AS TRUSTEE FOR
FREDDIE MAC SLST 2022-1
PARTICIPATION INTEREST TRUST

Renee M. Parker (SBN 36995)
THE MORTGAGE LAW FIRM, PLLC
1330 N Washington Street, Suite 3575
Spokane, WA 99201
Telephone: (509) 866-5375
Facsimile:  (509) 202-4380
Renee.Parker@mtglawfirm.com
TMLF File No. 175260

Attorneys for Secured Creditor,
FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR FREDDIE MAC SLST 2022-1 PARTICIPATION INTEREST TRUST

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| In re:<br><br>Michael Thomas<br><br>　　　　　　Debtor. | Case No. 24-10876-CMA<br><br>Chapter 13<br><br>Judge: Hon. Christopher M Alston<br><br>**CERTIFICATE OF SERVICE** |

I am employed in the County of Riverside, State of CA.  I am over the age of eighteen (18) and not a party to or interested in the above-entitled matter.  I am an employee of The Mortgage Law Firm, PLC, and my business address is 27368 Via Industria, Ste 201, Temecula, CA 92590. On June 12, 2024, I served the following documents described as: Objection to Confirmation of Debtor's Chapter 13 Plan by:

- ■ MAIL: by placing a true copy of the document in a sealed envelope for collection and mailing in the outgoing mail in my office for deposit in the United States mail, addressed as shown below.  I am readily familiar with the business practice at my place of business for collection and processing of outgoing mail with the United States Postal Service. On the same day that the outgoing mail is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

1
CERTIFICATE OF SERVICE

☐ OVERNIGHT DELIVERY: by enclosing, true copies of the documents in a sealed envelopes or package provided by an overnight delivery carrier addressed as shown below. I placed the envelope or package for collection and overnight delivery, with postage fully prepaid, at an office or a regularly utilized drop box of the overnight delivery carrier or the envelope or package was picked up from my firm by the overnight delivery carrier.

■ ELECTRONICALLY: Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Said document was served on the following persons:

| Debtor:<br>VIA U.S. MAIL<br>Michael Thomas<br>27546 254th Way SE<br>Maple Valley, WA 98038 | Counsel for Debtor:<br>Rochelle Shuffield<br>VIA CM/ECF:<br>rochelle@shuffieldlaw.com |
|---|---|
| Chapter 13 Trustee:<br>Jason Wilson-Aguilar<br>VIA CM/ECF:<br>courtmail@seattlech13.com | United States Trustee:<br>United States Trustee<br>VIA CM/ECF:<br>USTPRegion18.SE.ECF@usdoj.gov |

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2024, at Temecula, CA.

/s/Izabelle Gutierrez
Izabelle Gutierrez